# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| DONALD R. JONES, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:08-CV-104 PS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Donald R. Jones, a prisoner at the Miami Correctional Facility, received a $100.00 money order which indicated that it had been purchased in Indianapolis and sent by Lindsay Spurgeon, 129 Parliament Drive, Columbia, SC 29223. (DE 6-3 at 1.) When asked by investigators, this came as a surprise to Ms. Spurgeon who denied knowing Mr. Jones and denied having sent him any money. (DE 6-7 at 4.) On the other hand, it was not a surprise to Mary Dausch (the mother of a fellow inmate) who admitted that she sent the money order to Mr. Jones at the request of her son, Carl Dausch. (DE 6-7 at 1.) Mr. Jones was charged and found guilty of giving or receiving something of value and sanctioned with the loss of 90 days earned credit time by the Miami Correctional Facility Discipline Hearing Body (DHB). After appealing to the superintendent and the Final Reviewing Authority, Mr. Jones filed this habeas corpus petition. The respondent filed the return and the administrative record. Mr. Jones filed a traverse.

Mr. Jones presents four grounds for challenging his guilt. First, he argues that if the case had been properly investigated, Carl Dausch would have been interviewed and it would have demonstrated that he "did not solicit or request funds from Dausch." (DE 1 at 6.) Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of sufficient facts to inform the

accused of the behavior with which he is charged and entitles the accused the right to present relevant exculpatory evidence, it does not require that an investigation be conducted in any particular fashion. Nevertheless, the record reflects that Carl Dausch *was* interviewed as a part of the investigation of the money orders on April 4, 2007, and that he "stated that he didn't know or have anything to do with anyone else's money orders." (DE 6-7 at 2.)

Second, Mr. Jones argues that he was denied due process when he was not allowed "to cross-examine Inspector Harbaugh. . . ." (DE 1 at 6.) This was not a due process violation because an inmate has "no right to confront or cross-examine adverse witnesses in his disciplinary proceeding." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Third, Mr. Jones argues that he was denied due process when prison officials deposited the money order into his account in violation of prison rules. Mr. Jones believes that if the money had not been deposited into his account, that he could not have been found guilty of giving or receiving something of value. He is mistaken. Even if the money had not been sent, the testimony of his fellow inmate's mother that she was requested to send it is some evidence that he gave something of value in return for the money. Furthermore, as to the violation of the prison rule,

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." . . . Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted).

Finally, Mr. Jones argues that the "some evidence" standard set out in *Wolff* is improper and does not protect his rights. Though he may disagree with that legal standard, it is

2

nevertheless the standard of review for habeas corpus cases challenging prison disciplinary proceedings. It is not for me to re-evaluate the validity or efficacy of the process the Supreme Court established in *Wolff*. As the Seventh Circuit has noted:

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (parallel citations omitted).

Mr. Jones has presented no basis for habeas corpus relief. Therefore the petition is **DENIED** and the clerk is **DIRECTED** to enter Judgment.

**SO ORDERED**.

ENTERED: February 13, 2009.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT